## MATIS v. LEWIS.

(Supreme Court, Appellate Term, First Department.   May 9, 1916.)

MUNICIPAL CORPORATIONS ⬯706(8)—ACCIDENT IN STREET—INSTRUCTIONS.

In an action for personal injuries, where plaintiff on a bicycle approached from behind defendant's automobile, standing on the right-hand side of the road, which he saw when 25 feet away, the court properly refused to instruct the jury that there could be no recovery for the plaintiff, predicated on the claim of the defendant's failure to give warning before backing towards the plaintiff and across his path.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1518; Dec. Dig. ⬯706(8).]

Appeal from City Court of New York, Trial Term.

Action by John Matis against Louis Lewis. From a judgment for the plaintiff, and an order denying a motion for a new trial, defendant appeals. Affirmed.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

James B. Henney, of New York City (Floyd K. Diefendorf, of New York City, of counsel), for appellant.

Edward A. Scott, of New York City, for respondent.

PENDLETON, J.   This is an appeal by defendant from a judgment entered on a verdict and from an order denying a motion for a new trial. The action is for personal injuries alleged to have been received by reason of defendant's negligence. On conflicting evidence the jury found in plaintiff's favor, and there is no good reason for disturbing the verdict.

Defendant requested the court to charge that there can be no recovery for plaintiff, predicated upon the claim of failure of the defendant to give warning of the approach of the automobile. The court refused to charge as requested, and defendant excepted. The request was based on the assumption that, as plaintiff concededly saw the automobile when at least 25 feet away, a warning would not have added anything to the sum of his knowledge, and its absence could not, therefore, have contributed to the accident. Generally speaking, where parties approach from opposite directions, this may be so; but here the automobile was standing on the right-hand side of the road facing south. As plaintiff approached on his bicycle from behind, it backed northeasterly towards plaintiff and across his path. Under such circumstances it cannot be said that a warning horn might not have apprised plaintiff of its intention to back or turn. The refusal to charge in the precise words of the request, and its modification and charge as modified, was therefore proper.

Judgment affirmed, with costs.   All concur.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes